UNITED STATES DISTRICT COURT
For the District of Columbia


| | |
|---|---|
| CHARLES R. BARCHERS | : |
|   1770 Hays Creek Road 1950 | : |
|   Rockbridge Baths, VA 24473, | : |
| | : |
| KENNETH CROSSWHITE | : |
|   5023 Morningstar Drive | : |
|   Dayton, MD 20136, | : |
| | : |
| GARY DANLEY | :   Civil Action No. _____ |
|   5871 Woodville Road | : |
|   Mount Airy, MD 21771, | :   Related Case: 1:04CV00288 JR |
| | : |
| MICHAEL S. DONLON | : |
|   22 Mile Trail | : |
|   Fairfield, PA 17320, | : |
| | : |
| ALAN W. DUTTON | : |
|   207 Elizabeth Court | : |
|   Sterling, VA 20164, | : |
| | : |
| JAMES C. HECKENDORN | : |
|   5236 Stonebridge Way | : |
|   Sykesville, MD 21784, | : |
| | : |
| DAVID M. KIRKPATRICK | : |
|   5435 Indian Head Highway | : |
|   Indian Head, MD 20640, | : |
| | : |
| JAMES M. REILLEY | : |
|   13401 John Cline Road | : |
|   Smithsburg, MD 21783, | : |
| | : |
| JEFFREY A. STAUFFER | : |
|   1856 Mintwood Place, NW | : |
|   Washington, DC 20009, | : |
| | : |
| HARRYJOHN SUBACZ | : |
|   4068 Westind Drive | : |
|   Woodbridge, VA 22193, | : |
| | : |
|         and | : |

| | |
|---|---|
| HENRY E. WELSH | : |
|   18609 Heritage Hills Drive | : |
|   Brookeville, MD 20833, | : |
|       Plaintiffs, | : |
| | : |
|       v. | : |
| | : |
| DISTRICT OF COLUMBIA | : |
|   1350 Pennsylvania Avenue, NW | : |
|   Washington, DC 20001, | : |
|       Defendant. | : |



Serve:

a) Office of the Mayor  
   1350 Pennsylvania Avenue, NW  
   Fourth Floor  
   Washington, DC 20004

b) Office of the Attorney General  
   441 Fourth Street, NW  
   Sixth Floor  
   Washington, DC 20001

## ——— C O M P L A I N T ———

### Introduction

This is an action seeking monetary damages and declaratory, equitable, and injunctive relief for eleven employees of the District of Columbia Fire and Emergency Services Department who were denied promotion in retaliation for the exercise of their rights under Title VII of the Civil Rights Act of 1964, as amended.

### Related Case

This matter is related to the employment discrimination action of <u>Wayne L. Settle et al. v. Adrian Thompson, et al.</u>, Civil Action No. 1:04CV00288 JR, which is pending trial in this District on March 8, 2007, before the Honorable James Robertson, United States District Judge.

Parties

1. The Plaintiffs Charles R. Barchers, Kenneth Crosswhite, Gary Danley, Michael S. Donlon, Alan W. Dutton, James C. Heckendorn, David M. Kirkpatrick, James M. Reilley, Jeffrey A. Stauffer, Harryjohn Subacz and Henry E. Welsh are adult residents of the District of Columbia, the State of Maryland, the Commonwealth of Virginia and the Commonwealth of Pennsylvania who, at all times hereinafter alleged, were each employed by the District of Columbia Fire and Emergency Medical Services Department.

2. The Defendant District of Columbia is a municipal government and corporation with its principal office located at 1350 Pennsylvania Avenue, NW, Washington, DC 20004. The District of Columbia Fire and Emergency Medical Services Department is a subordinate agency of the Defendant District of Columbia and an "employer" within the meaning of 42 U.S.C. 2000e(b).

Jurisdiction and Venue

3. This action is filed within ninety days after each Plaintiff's receipt of notification by the Equal Employment Opportunity Commission of his right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq*.

4. Jurisdiction over the subject-matter and parties to this action is conferred upon this Court pursuant to 28 U.S.C. 1331, 28 U.S.C. 2201(a), 28 U.S.C. 2202 and 42 U.S.C. 2000e-5(f)(3).

5. Venue is proper in this District pursuant to 28 U.S.C. 1391 and 42 U.S.C. 2000e-5(f)(3).

Statement of the Case

6. At all times hereinafter alleged, each Plaintiff was employed by the District of Columbia Fire and Emergency Medical Services Department (hereinafter, the "Department") as a Captain, was eligible for promotion to the position of Battalion Fire Chief and was more qualified than the individuals who were instead promoted to Battalion Fire Chief.

7. On or about February 6, 2003, in order to obtain redress for the unlawful reverse discrimination which they suffered during the December 2001 – August 2002 Battalion Fire Chief appointment process, each Plaintiff filed a *Charge Questionnaire* with the Equal Employment Opportunity Commission ("EEOC").

8. Each Plaintiff's resulting *Charge of Discrimination* against the Department was filed with the EEOC on or about March 11, 2003, and was subsequently consolidated for investigation in *Byrne v. District of Columbia Fire and Emergency Medical Services Department*, EEOC Charge Number 100A300341.

9. After each Plaintiff subsequently received written notification from the United States Department of Justice of his right to institute a civil action under Title VII of the Civil Rights Act of 1964, their joint lawsuit, *Wayne L. Settle, et al., v. Adrian Thompson, et al.*, Civil Action Number 1:04CV00288 JR, was timely filed in the United States District Court For the District of Columbia on February 23, 2004.

10. On April 8, 2005, Fire Chief Adrian Thompson issued Special Order 2005-15 promoting three Captains other than the Plaintiffs to the position of Acting Battalion Fire

Chief. At that time, and at all other times hereinafter alleged, Chief Thompson was acting within the scope of his employment by the District of Columbia.

11.     Those three promotions were intended, in whole or in part, to (i) frustrate the relief – i.e., the nondiscriminatory appointment of Battalion Fire Chiefs – being sought in *Wayne L. Settle, et al., v. Adrian Thompson, et al.*, by appointing as many African-American Battalion Fire Chiefs as possible before that lawsuit proceeds to trial and (ii) retaliate against each Plaintiff because of his status as a complainant and plaintiff in, respectively, *Byrne v. District of Columbia Fire and Emergency Medical Services Department* and *Wayne L. Settle, et al., v. Adrian Thompson, et al.*

12.     The Department's failure to promote the Plaintiffs to Battalion Fire Chief on April 8, 2005, constituted an unlawful employment practice in violation of 42 U.S.C. 2000e-3(a).

13.     As a direct and proximate result of that unlawful employment practice, each Plaintiff was deprived of his right to be fairly evaluated for promotion to Battalion Fire Chief; was not promoted to Battalion Fire Chief; lost the past, present, and future wage and other employment benefit increases which would have accompanied any such promotion; and experienced great emotional distress; all to the damage of each Plaintiff in the amount of four million dollars.

14.     In addition, in light of the Department's practice of retaliating against its employees for the exercise of their rights under Title VII of the Civil Rights Act of 1964, as amended, each Plaintiff will never be fairly evaluated for promotion to Battalion Fire

Chief and/or any other position within the Department without injunctive relief granted by this Court.

## Prayer For Relief

**WHEREFORE**, the premises considered, the Plaintiffs respectfully pray this Court to:

- Find, adjudge, and declare that the April 8, 2005, Battalion Fire Chief promotions were accomplished in violation of 42 U.S.C. 2000e-3(a);

- Enter a permanent injunction prohibiting the District of Columbia from retaliating against them when making future promotions to Battalion Fire Chief and any other position within the Department;

- To insure compliance with such an injunction, order the District of Columbia to adopt, subject to approval by this court, nondiscriminatory and verifiable criteria for promotion to — including, but not limited to — the positions of Battalion Fire Chief, Deputy Fire Chief, and Assistant Fire Chief;

- Order the District of Columbia to promote each Plaintiff to the position he would have occupied but for the unlawful employment practice alleged herein, with such promotion, seniority, back pay, and other benefits to be retroactive to the effective date of the April 8, 2005, Battalion Fire Chief appointments;

- Award each Plaintiff four million dollars in compensatory damages;

- Award each Plaintiff reasonable costs, interest, and attorneys fees; and

- Grant each Plaintiff such other relief as this Court deems just and proper.

                Respectfully submitted,

                /S/
                James Thomas Maloney #254102
                Counsel for the Plaintiffs
                Maloney & Mohsen PLLC
                4201 Connecticut Avenue, NW
                Suite 500
                Washington, DC 20008-1129
                Tel: (202) 237-6800  x202
                Fax: (202) 966-5270
                Email: verdict@verizon.net

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Charles R. Barchers, Kenneth Crosswhite, Gary Danley, Michael Donlon, Alan Dutton, James Heckendorn, David Kirkpatrick, James Reilley, Jeffrey Stauffer, Harryjohn Subacz, Henry Welsh

## DEFENDANTS
District of Columbia

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Rockbridge Cty
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James T. Maloney, Esq., Maloney & Mohsen PLLC, 4201 Connecticut Avenue, NW, Washington, DC 20008, 202-237-6800

CASE NUMBER 1:06CV02218
JUDGE: James Robertson
DECK TYPE: Employment Discrimination
DATE STAMP: 12/27/2006

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other)       OR       ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

DC Twice

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000e-3(a): Retaliation for filing related employment discrimination action.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 4,000,000.00   Check YES only if demanded in complaint
JURY DEMAND:  YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE December 27, 2006   SIGNATURE OF ATTORNEY OF RECORD _____

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.